# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 10 C 7068** |
| | ) | |
| **JOHN E. ROGERS, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' motion to dismiss and motion in the alternative to strike. For the reasons stated below, the court denies the motion to dismiss and the motion to strike.

## BACKGROUND

Plaintiff United States of America brought the instant action against Defendants. Defendant John E. Rogers (Rogers) is allegedly a self-professed tax expert and attorney who creates and promotes abusive tax avoidance schemes. Defendant Sugarloaf Fund LLC (Sugarloaf) and Defendant Jetstream Business Limited (Jetstream) were allegedly created by Rogers. The Government contends that Rogers also created the Distressed Asset Debt (DAD) tax shelter and the

Distressed Asset Trust (DAT) tax shelter. Defendants allegedly engaged in three types of transactions that constituted fraud: (1) DAD transactions, (2) DAT transactions, and (3) secured partnership transactions governed by 26 U.S.C. § 743(f) (Section 743(f)). The DAD and DAT tax schemes allegedly employed by Defendants allegedly generated over $370 million of fictitious tax deductions for Rogers' customers. The Government brought the instant action to enjoin Defendants from engaging in activities in violation of the Internal Revenue Code (IRC) and for an award of monetary penalties owed under the IRC. The Government includes in the complaint claims brought pursuant to 26 U.S.C. § 7408 and 26 U.S.C. § 6700 (Section 6700) (Count I), claims brought pursuant to 26 U.S.C. § 7402 (Count II), claims brought pursuant to 26 U.S.C. § 7407, 26 U.S.C. § 6694, and 26 U.S.C. § 6695 (Count III), and claims brought pursuant to 26 U.S.C. § 7408 and 26 U.S.C. § 6707, and 26 U.S.C. § 6111 (Count IV). Defendants have moved to dismiss the action and in the alternative to strike the complaint.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), a court must "accept as true all of the allegations contained in a complaint" and make reasonable inferences in favor of the plaintiff. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (U.S. 2009)(stating that the tenet is "inapplicable to legal conclusions"); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). To defeat a Rule 12(b)(6) motion to dismiss, "a

complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted)(quoting in part *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that contains factual allegations that are "merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted). Pursuant to Federal Rule of Civil Procedure 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Id.*

## DISCUSSION

Defendants argue that the Government has failed to plead the fraud-based claims with particularity. Defendants also contend that the instant action should be dismissed because of its impact on current and future litigants in other cases. Defendants also argue that the complaint does not contain a short and plain statement of the claims, that it should be stricken, and that the Government should be ordered to provide a more definite statement for relief.

I.  Motion to Dismiss


    A.  Rule 9(b)

Defendants argue that the Government has failed to plead the fraud-based claims with particularity in accordance with Federal Rule of Civil Procedure 9(b) (Rule 9(b)).  Pursuant to Rule 9(b), all claims that "sound[] in fraud" must be pled with particularity.  *Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502, 507 (7th Cir. 2007)(internal quotations omitted).  In order to plead a claim with particularity, a plaintiff must allege the "who, what, when, where, and how" of the fraud.  *Id.* (internal quotations omitted).


    1.  Who, What, When, Where and How Elements

Defendants argue that the Government has not pled fraud, misrepresentations, and deceptive misconduct with particularity, and thus has not alleged the "who, what, when, where, and how" elements relating to the alleged fraudulent schemes.  Defendants also contend that the complaint does not satisfy Rule 9(b) because the allegations are unclear and speculative.


    a.  The "Who" Element

The Government clearly indicates the "who" element involved in the alleged fraud.  The Government provides allegations explaining that Rogers was allegedly personally involved in drafting the core transactional documents for the schemes,

how Rogers created Sugarloaf and Jetstream, and how Rogers created other entities to further the schemes. The Government also provides allegations explaining how Rogers promoted the tax schemes. Further, the Government provides allegations explaining how Rogers disseminated the alleged fraudulent statements to customers and that certain other individuals assisted Rogers in disseminating the alleged fraudulent statements, such as Michael Hartigan, Thomas Agresti, and Jonathan Greer. (Compl. Par. 6-7, 16-17, 33, 62). The Government also points out that many of Rogers' customers whom he convinced to utilize his fraudulent tax shelters are matter of public record.

### b. The "What" and "How" Elements

The Government also explains the "what" and the "how" elements relating to the alleged fraudulent schemes. In great detail, the Government explains how Rogers and his associates promoted with false statements the DAD and DAT tax shelters and otherwise violated the IRC. (Compl. Par. 55-125). The Government even identifies specific documents that allegedly contained false statements. (Compl. Par. 105, 112, 117, 123, 147-50, 185-88, 193). In addition, after an extensive section of detailed general facts in the complaint, the Government provides additional detailed factual allegations explaining how the fraud was perpetrated in regard to each claim being brought by the Government. (Compl. Par. 169-254). The Government thus specifically connects the allegations in the complaint to each specific cause of action brought by the Government. (Compl. Par. 114, 118-23, 147,

172-221).

### c.  The "When" Element

The Government has shown the "when" element relating to the alleged fraudulent schemes.  The Government identifies the specific years when Rogers allegedly began each of the alleged fraudulent schemes.  For example, the Government alleges that Rogers created the DAD tax shelter in early 2003.  (Compl. Par. 63).  The Government also alleges that Rogers continued to promote the DAD tax shelter at the time when the complaint was filed.  (Compl. Par. 17).   The Government has provided sufficient details and the level of specificity sought by Defendants is not required at the pleadings stage, even under Rule 9(b).

### d.  The "Where" Element

The Government has shown the "where" element relating to the alleged fraudulent schemes.  The Government alleges that Rogers drafted the core documents for the DAD and DAT tax shelter schemes while working at a law firm in Chicago, Illinois.  (Compl. Par. 33, 66, 114, 151, 177-78, 180-82, 185g, 186 a-e).  The Government also alleges that Rogers continues to promote certain fraudulent schemes and that Rogers currently works in Chicago, Illinois, and resides in Kenilworth, Illinois.  Thus, the Government has alleged sufficient facts to show the "who, what, when, where, and how" elements relating to the alleged fraudulent schemes.

## 2. Knowledge

Defendants also argue that the Government has not alleged that Rogers had actual knowledge that his statements were false or fraudulent. However, actual knowledge is not the only way to prove such claims under the law. The Government can also prove such claims by showing that Rogers had a reason to know that the statements were false. Section 6700, for example, which deals with "promoting abusive tax shelters, etc.," and the "[i]mposition of penalty" in such cases, provides that "[a]ny person who. . . makes or furnishes or causes another person to make or furnish (in connection with such organization or sale) . . . a statement with respect to the allowability of any deduction or credit, the excludability of any income, or the securing of any other tax benefit by reason of holding an interest in the entity or participating in the plan or arrangement which the person *knows or has reason to know* is false or fraudulent as to any material matter. . . shall pay" a monetary penalty. 26 U.S.C. § 6700(a)(2)(A)(emphasis added). Thus, in the instant action, the Government need only show that Rogers had reason to know his statements were false or fraudulent. The Government has alleged sufficient facts to indicate that Rogers had reason to know that his statements were false or fraudulent. This court notes that even when pleading under Rule 9(b), a plaintiff is not required to provide the detail demanded by Defendants in the instant motion. Thus, the Government alleged sufficient facts regarding knowledge to satisfy Rule 9(b).

### 3.  Reliance on Hindsight

Defendants argue that the complaint includes allegations that only indicate that Rogers would have had the requisite knowledge in hindsight and that the allegations do not suggest that he would have had knowledge at the time of his statements. Defendants contend that, according to the Government, Rogers knowingly made false and fraudulent statements from 2003-2006, but that the Government relies on holdings from cases decided after 2006 to show that Rogers should have understood that what he was saying was false and fraudulent.  In response, the Government explains that although it has cited recent cases, the cases merely reiterate long-established law.  The Government makes clear that it is basing its claims upon long-standing judicial tax doctrines that predated Rogers' conduct.  Thus, the Government is not seeking to impute knowledge upon Rogers based on hindsight.

### 4.  Allegations Relating to Section 743(f) Scheme

Defendants argue that the Government has failed to allege sufficient allegations to plead the claims based on Section 743(f) scheme because the Government indicates that the allegations are made based "upon information and belief."  (Compl. Par. 167).  Defendants argue that such a phrase shows that the Government's allegations are speculative and merely reflect a possibility of a violation of the IRC.  However, it is a common and accepted practice to use such legal phrases in preparing a complaint.  The Federal Rules of Civil Procedure do not require a plaintiff, even when subject to Rule 9(b), to swear that the plaintiff is 100%

certain that all the facts are true and accurate in a complaint. For example, pursuant to Federal Rule of Civil Procedure 11, an attorney is only required to sign a document filed with the court swearing that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b). Thus, simply because the Government includes the phrase "upon information and belief," does not mean that the allegations are speculative or uncertain.

Rogers also contends that the allegations as to Section 743(f) scheme do not indicate that injunctive relief would be warranted. The Government indicates that it is not relying entirely on Rogers' newest Section 743(f) scheme. (Ans. Mot. 15). The Government alleges extensive facts that indicate that Rogers has long been the mastermind for the DAD and DAT tax shelter schemes that have resulted in the unlawful deprivation of millions of dollars from the Government and that Rogers has the education, experience, and other qualifications to promote similar future fraudulent tax schemes to his customers. Thus, aside from any allegations regarding the Section 743(f) scheme, the Government has provided a basis for injunctive relief.

Permanent injunctive relief, under Section 6700, may be appropriate to prevent reoccurrence. *United States v. Raymond*, 228 F.3d 804, 813 (7th Cir. 2000). In determining whether injunctive relief is warranted, a court must consider "the

totality of the circumstances surrounding the [defendants] and their violation of the law" and consider factors that include: "(1) the gravity of harm caused by the offense; (2) the extent of the defendant's participation and his degree of scienter; (3) the isolated or recurrent nature of the infraction and the likelihood that the defendant's customary business activities might again involve him in such transaction; (4) the defendant's recognition of his own culpability; and (5) the sincerity of his assurances against future violations." *Id.*

In the instant action, the Government has alleged extensive facts relating to complex tax fraud schemes and the significant gravity of the potential harm to the public and the Treasury. The Government alleges that Rogers continues to promote certain fraudulent tax schemes even though Congress has expressly outlawed it. The Government has presented allegations concerning Rogers' creation of the tax fraud schemes, his role in promoting them, and his false statements. The Government has also alleged that Rogers is a lawyer, and a self-professed tax expert who has never expressed any recognition of culpability for his prior conduct. Such allegations are sufficient to state claims for which injunctive relief might be appropriate. The Government is not required at the pleadings stage to provide evidence to support its request for injunctive relief. In addition, although certain specific facts must be pled under Rule 9(b), in a case such as this case that involves extensive and complex tax schemes, the Government cannot be expected to allege every possible fact regarding such schemes. *Emery v. American General Finance, Inc.*, 134 F.3d 1321, 1323 (7th

Cir. 1998)(indicating that Rule 9(b) should not create "a Catch-22 situation in which a complaint is dismissed because of the plaintiff's inability to obtain essential information without pretrial discovery (normally of the defendant, because the essential information is in his possession and he will not reveal it voluntarily) that she could not conduct before filing the complaint").  Based on the above, the Government has met all of the requirements of Rule 9(b) in its complaint.


### B.  Collateral Estoppel and Due Process Rights of Others

Defendants argue that the Government cannot proceed in this case based on the doctrine of collateral estoppel and because to proceed in this case may have preclusive effects for other litigants in tax courts and may violate their due process rights under the Fifth Amendment.


### 1.  Collateral Estoppel

Defendants argue that the instant action is barred by the doctrine of collateral estoppel.  The doctrine of collateral estoppel bars relitigation of an issue decided in a prior ruling if the following elements are met: "(1) the issue sought to be precluded must be the same as that involved in the prior litigation, (2) the issue must have been actually litigated, (3) the determination of the issue must have been essential to the final judgment, and (4) the party against whom estoppel is invoked must be fully represented in the prior action."  *H-D Michigan, Inc. v. Top Quality Service, Inc.*,

496 F.3d 755, 760 (7th Cir. 2007). Defendants contend that there are other cases in federal tax courts on issues such as whether DAT and DAD tax shelters violate the IRC. However, as the Government points out, there have been no rulings in such cases and the issues have not been resolved at this juncture. Collateral estoppel is not applied based on expectations of future unknown rulings. The Government has the right under the law to bring the instant action to protect the public and the Treasury and Defendants have not shown that the instant action is barred in any way by the doctrine of collateral estoppel. The Government has also pointed to authority that shows that the litigation of a suit such as the instant action against the promoter of a tax scheme simultaneously with actions in federal tax courts brought against the promoter's customers is appropriate and promotes judicial economy. (Ans. Mot. 29).

Defendants cite *United States v. Stauffer Chem. Co.*, 464 U.S. 165 (1984) for the proposition that under the doctrine of mutual defensive collateral estoppel, the Government cannot relitigate the same issue against the same party in another case involving virtually identical facts. (Mem. Dis. 23). However, Defendants have not shown that any of the issues presented in this action have been resolved in any other court and therefore such issues are not being relitigated in this case. Thus, *Stauffer*, on that basis alone, is inapplicable.

2. Fifth Amendment Due Process Rights

Defendants contend that if this case proceeds it will impact the Fifth

Amendment due process rights of the customers of Rogers that he represents in litigation in federal tax courts. However, the Government properly brought the instant action pursuant to its statutory mandate to protect the public and the Treasury from Defendants. Defendants have not shown standing to seek to protect the due process rights of others who are not represented in the instant action. It is also not logical to conclude that Rogers, by agreeing to represent his customers in federal tax courts, could prevent the Government from bringing the instant action to prevent the alleged ongoing harm to the public and to the Treasury. There has been no showing that any individuals are being deprived of their Fifth Amendment due process rights by the instant action. Therefore, based on the above, the motion to dismiss is denied in its entirety.

III.  Motion to Strike

Defendants argue in the alternative that the court should strike the complaint. Federal Rule of Civil Procedure 8 provides that a pleading "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a). Pursuant to Federal Rule of Civil Procedure 12(f) (Rule 12(f)), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Id.*

Defendants contend that it would be overly burdensome to respond to the lengthy complaint in this case. Defendants also contend that the complaint is unclear

and confusing and includes allegations that are pejorative, superfluous, prejudicial, and scandalous. The Government has explained how the allegations objected to by Defendants are indicia of the fraud alleged in the complaint. Defendants have not shown that the complaint is unclear or confusing or that it contains any facts that should be stricken. Defendants' subjective critique of how the complaint could be written more clearly and what facts should be omitted is not a basis to strike the complaint.

Defendants also contend that each paragraph does not contain a simple, concise, and direct statement. The length of the complaint in the instant action is not excessive given the nature of this case involving an alleged complex unlawful tax scheme by Defendants that allegedly resulted in millions of dollars being unlawfully withheld from the Government. To the extent that the complaint contains lengthy paragraphs, Rule 8 does not provide any express limitations on the number of factual assertions that can be included in each paragraph. The paragraphs in the complaint are not such that they fail to comply with Rule 8. Defendants' contention that such facts will "confuse the real issues before the Court," (Mem. Dis. 19), has not merit. The complaint provides Defendants with adequate notice of the claims brought against them and Defendants should reasonably be able to respond to the allegations in the complaint. Therefore, the motion to strike is denied.

## CONCLUSION

Based on the foregoing analysis, Defendants' motion to dismiss and motion to strike are denied.

Samuel Der-Yeghiayan
United States District Court Judge

Dated:   June 15, 2011